(652 P.2d 1157)

No. 53,940

JOE ARNESON, *Appellant,* v. BOARD OF EDUCATION, UNIFIED SCHOOL DISTRICT NO. 236, LEBANON, KANSAS, *Appellee.*

Opinion filed October 28, 1982.

*David M. Schauner,* of Topeka, for appellant.

*Edward Larson* and *Norman W. Jeter,* of Jeter and Larson, of Hays, for appellee.

Before FOTH, C.J., ABBOTT and PARKS, JJ.

PARKS, J.: Plaintiff Joe Arneson brought this mandamus action against the Board of Education, Unified School District No. 236, Lebanon, Kansas (District), seeking his reinstatement as a teacher. Plaintiff contends that he is a tenured teacher and is entitled to be notified in writing as to the reasons for the nonrenewal of his contract for the 1981-82 school year. The District's contention is that plaintiff's tenure rights were severed by his voluntary resignation and could not be reestablished without two additional consecutive years of employment. Motions for summary judgment were filed by both parties and the trial court granted summary judgment to the District. Plaintiff appeals.

Plaintiff had been employed by the District under successive one-year contracts between August 1970 and the spring of 1978, when he resigned and taught for one year in another school district. Plaintiff was reemployed by District No. 236 for the 1979-80 school year and his contract was renewed for the 1980-81 school year.

At a special meeting on April 6, 1981, the District voted not to renew plaintiff's contract for 1981-82. He was notified of this action by letter on April 7. The District rescinded its previous action at a regular meeting on April 13, voted to renew plaintiff's contract and sent him a letter of apology. Finally, at another special meeting on April 15, the District again voted not to renew plaintiff's contract and notified him by letter the same day.

Because neither of the notices of nonrenewal stated any reasons for the District's action, plaintiff filed a mandamus action alleg-

ing that the District failed to afford him due process as a tenured teacher and seeking reinstatement. The trial court found that "if a teacher leaves, then he loses his tenure, any interruption of the time, without a leave of absence, constitutes a waiver of tenure pursuant to K.S.A. 72-5445." The trial court then granted summary judgment in favor of the District.

K.S.A. 72-5436 *et seq.* is a comprehensive due process procedure covering the termination or nonrenewal of teachers' contracts in every school district, area vocational-technical school and community junior college in the state. *Gilett v. U.S.D. No. 276,* 227 Kan. 71, 76, 605 P.2d 105 (1980). The purpose of these provisions "is to protect competent and worthy instructors and other members of the teaching profession against unjust dismissal of any kind." *Schmidt v. U.S.D. No. 497,* 231 Kan. 267, 269, 644 P.2d 396 (1982). However, the procedural safeguards contained in these mandates only accrue to teachers who have withstood a probationary period to obtain tenure as defined by K.S.A. 72-5445, which states as follows:

"The provisions of K.S.A. 72-5438 to 72-5443, inclusive, and amendments thereto, shall apply only to those teachers who have at any time completed two (2) consecutive years of employment in the school district, area vocational-technical school, or community junior college then currently employing such teacher, except where the teacher alleges his or her termination or nonrenewal is the result of his or her having exercised a constitutional right. Any board may waive such two (2) year requirement for any teachers employed by it who, prior to such employment, were teachers who had completed not less than two (2) consecutive years of employment in any school district, area vocational-technical school, or community junior college in this state."

It is conceded by the District that plaintiff became a tenured teacher by meeting the consecutive years requirement during the period of 1970 to 1978. Furthermore, it is clear that plaintiff had previously attained tenured status in the same school district which was "currently employing" him when the letter of nonrenewal was given on April 15, 1981. Therefore, the only issue on appeal is whether Mr. Arneson was a tenured employee of the District when he received his notice of nonrenewal or whether the 1978 resignation terminated his tenure until he fulfilled another probation period.

The district court held that a teacher loses the privilege of tenure if he interrupts his work career in a certain school district without obtaining a leave of absence. There is certainly support

for this holding in the cases of other jurisdictions but there is also authority to the contrary. See Annot., 9 A.L.R. 4th 729. However, the opinions of other states are of limited application since each case interprets a different tenure statute.

In construing our own statute, the fundamental rule to which all others are subordinate is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. If such intent can be determined from the language itself, the court is not warranted in looking beyond the terms of the statute. *Schmidt,* 231 Kan. at 270, and cases cited therein.

K.S.A. 72-5445 includes nothing which could be said to prescribe the cessation of tenure upon resignation. The statute merely dictates when tenure is attained but there is no language indicating when or if tenure may be subsequently lost. In addition, the only tenure issue subject to negotiation by a teacher and a school board is whether the school board will waive the requirement of a probation period when the teacher has already acquired tenured status in another school district. Thus, resignation by a teacher may terminate the contractual relationship with the school district but its effect upon tenure is entirely dependent upon the intention of the statute.

The District argues that resignation should be construed to terminate tenure because, otherwise, a tenured teacher who resigns and does not teach for twenty years would automatically be tenured when rehired by the same school district although his skills may have deteriorated to the point that the district would not wish to retain him. However, the provisions of K.S.A. 72-5436 *et seq.* do not compel a school district to rehire a tenured teacher who has resigned. Moreover, even if rehired, tenure is not an impenetrable shield against discharge. A teacher may always be fired for good cause, which includes any ground which is put forward by the school board in good faith and which is not arbitrary, irrational, unreasonable or irrelevant to the school board's task of building up and maintaining an efficient school system. *Gillett,* 227 Kan. at 78.

We hold that in the absence of a contrary legislative pronouncement, resignation does not terminate tenure. Therefore, we conclude that the trial court was in error and hold that a tenured teacher who resigns and is subsequently reemployed by

the same school district is entitled to due process under K.S.A. 72-5445 and the statutes cited therein.

Judgment is reversed and the case is remanded with instructions to enter judgment for the plaintiff Joe Arneson.